Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**PAUL J. PODLEJSKI**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARLOWE WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1304-CR-440 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1202-FC-296

**November 20, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Carlowe Wilson ("Wilson") pleaded guilty in Madison Circuit Court to one count of Class D felony non-support of a dependent child. He was sentenced to a term of three years, with two years executed in the Department of Correction and one year served in community corrections. Wilson appeals and argues that his sentence is inappropriate in light of the nature of his offenses and the character of the offender.

We affirm.

### Facts and Procedural History

Wilson, who lives in Plainfield, Illinois, has fathered four children with three different mothers. His children range in age from fifteen years old to twenty-five years old. At least one child, A.W., resides in Indiana. At one time, Wilson was employed as a foreman for a business that cleaned semi-trucks. Prior to that job, he was self-employed. However, he has not been gainfully employed since 2009.

On February 15, 1994, the Madison Superior Court entered a paternity order requiring Wilson to pay twenty-five dollars per week for A.W., one of his four children, an amount that was apparently never increased. During 2011 and 2012 alone, Wilson paid approximately $2,000 in support for A.W, or at least $600 less than the aggregate of the rate of twenty-five dollars per week. Prior to that, Wilson paid support only sporadic, small amounts for the support of A.W. On December 31, 2012, Wilson owed at least $7,702.75 in child support for A.W alone. In total, Wilson has amassed more than $43,000 in child support arrearages for all of his four children.

On February 15, 2012, the State charged Wilson with Class C felony non-support of a dependent child, a crime involving an arrearage of at least fifteen thousand dollars. On February 11, 2013, Wilson appeared before the trial court and pleaded guilty in an open plea to the lesser-included offense of Class D felony non-support of a dependent child, a crime involving an arrearage of less than fifteen thousand dollars.

A sentencing hearing was held on April 8, 2013. The trial court considered Wilson's guilty plea and his acceptance of responsibility for the child support arrearage as mitigating circumstances. The court found Wilson's "extensive criminal history" as a "substantial aggravating factor." Tr. p. 62. The court concluded that the aggravating circumstances outweighed the mitigating circumstances and ordered Wilson to serve a term of three years, with two years executed in the Indiana Department of Correction and one year served in community corrections. Wilson now appeals.

**Discussion and Decision**

Wilson argues that his sentence is inappropriate under Indiana Appellate Rule 7(B), which provides: "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

In <u>Anglemyer v. State</u>, our supreme court explained:

> It is on this basis alone that a criminal defendant may now challenge his or her sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence that is supported by the record, and the reasons are not improper as a matter of law, but has imposed a sentence with which the defendant takes issue.

868 N.E.2d 482, 494 (Ind. 2007). "[A] defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." Id.

Wilson's Class D felony conviction subjects him to a sentence in the range of six months to three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7. Wilson was sentenced to two years executed and one year served in community corrections. He argues that his sentence is inappropriate because the trial court should have considered the fact that Wilson is the primary caregiver for his father, who suffers from multiple sclerosis, that Wilson has plans to resume employment, and that Wilson was not first placed on in-home detention or in community corrections to allow him to satisfy his responsibilities to his children. Wilson seeks yet another chance to provide for his children, emphasizing that he "has changed and does not believe himself to be the same person he used to be" and that he was "trying his best to take care of these things." Appellant's Br. at 9.

We are not persuaded. For nearly two decades, Wilson has shirked his responsibility to provide for the children he has fathered. He presently owes more than $43,000 in child support to the three mothers of his four children. He has been accumulating these child support arrearages for the past eighteen years at least and, during that time, has rarely paid child support for A.W. The length of time of non-payment and the enormous amount of child support arrearage accumulated by Wilson makes the nature of his offense particularly reprehensible. Simply said, Wilson's fatherhood was a choice, and one's choices in life carry consequences. Fatherhood brings great responsibility along with its great joy and reward. However, Wilson chose to

4

avoid his responsibilities as a father and that choice carries the consequences imposed by our criminal justice system.

Wilson's character provides further support for the trial court's sentencing decision. Wilson has an extensive criminal history that began when he was a juvenile. At the time the instant charges were filed, he had been convicted of carrying a handgun without a license, aggravated battery, burglary, aggravated false impersonation, and theft, and he had previously violated the term of his probation for his burglary conviction. Wilson's history of failing to comply with the law and with his child support obligations does not convince us that his character warrants a reduction in his sentence.

Wilson has had many opportunities to avoid the sentence handed down by the trial court but chose instead to ignore his responsibility to his children. He has not been gainfully employed since 2009 and, even during the pendency of this action, failed to make support payments or find employment. As the trial court aptly noted at Wilson's sentencing hearing,

> [Felony nonsupport cases] are not collection cases. We're not here to try and get you to pay, we're here to determine what level of responsibility you should have for not having paid [in] the past when you were able to do that. So the idea that now we're really serious, now we just want you to pay, that's not what this is about and I think you've fundamentally misunderstood that. You brought children into the world, four of them. As a parent, your chief moral and legal responsibility is to provide for your children, and you didn't do that. You sat back and did other things. You've got a history of gun, battery, burglary charges. And you chose to live that lifestyle instead of supporting your children and that has consequences.

Tr. pp. 60-61.

5

**Conclusion**

For all of these reasons, we conclude that Wilson has not sustained his burden of establishing that his three-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

NAJAM, J., and BROWN, J., concur.